IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

FILED

November 16, 1998

Cecil W. Crowson
Appellate Court Clerk

JOHN L. RICE,          )
                                   )
        APPELLEE,      )
                                   )
v.                         )     NO. 03S01-9709-CV-00110
                                   )
VERONICA J. SABIR,    )
                                   )
        APPELLANT.   )

## DISSENTING OPINION

I respectfully dissent from the majority opinion. The majority agrees that a genuine and material issue of fact exists with regard to whether Sabir hired or authorized the hiring of Rice. This disputed issue of fact recognized by the majority would normally require a remand to the trial court. Instead of remanding, however, the majority of this Court performs an additional analysis to balance the "foreseeable gravity of the potential risk of harm against the burden imposed on the defendant to prevent the harm." The majority concludes that no duty was owed to Rice even if Sabir had authorized the hiring of Rice. This conclusion is inconsistent with the majority's statement that "[in] a premises liability case, an owner . . . of premises has a duty to exercise reasonable care with regard to social guests or business invitees on the premises."

As stated in my concurring opinion in Coln v. City of Savannah, 966 S.W.2d 34 (Tenn. 1998), the majority's analysis encompasses the weighing process that is normally reserved to the jury in negligence cases. This weighing process is the prerogative of the jury unless reasonable minds cannot differ. The majority's approach, however, does not determine whether reasonable minds

could differ in this case. It does not determine whether, as a matter of law, Rice's negligence exceeded the negligence of the premises owner. Instead, the majority proceeds to weigh the evidence and determines that the "condition of the roof was one that Sabir *neither knew about nor could reasonably have discovered with due care.*" The majority, therefore, concludes that "it is not probable that the injury was reasonably foreseeable and that no action of Sabir's could more probably than not have prevented the injury."

The stated reason for this conclusion is that "there is no indication that Sabir had actual knowledge that severe mildew had accumulated on the roof or that it was extremely slippery or any more dangerous than normal." It is clear from her affidavit, however, that she knew that there was a moisture problem in the lower story of the house. Her tenant, Chandler, states that Sabir told Chandler that the mildew inside the house was the result of overhanging trees and stopped-up gutters. Rice was hired to trim the trees and clean the gutters, not to remedy a defect in the roofing system. Rice states that the mildew on the roof was not obvious or readily apparent to him and that he used reasonable caution while stepping on the roof.

The reasonableness of the actions of the plaintiff and of the premises owner and the knowledge of each would normally be questions to be determined by the trier of fact. Many of these determinations include issues of credibility, which are ill-suited for determination by summary judgment. Only if reasonable minds could not differ should summary judgment be granted. I would grant summary judgment only if I could find that Rice's negligence exceeded Sabir's as a matter of law. On the strength of these affidavits, I cannot make that determination.

2

The majority has weighed the evidence and made its own determination of the facts presented.  By doing so, the majority of this Court has not only ignored the standards to be applied in summary judgment cases but also has usurped the function of the trier of fact.  I would affirm the Court of Appeals and remand to the trial court to determine the relative fault of the parties.

_____
JUSTICE JANICE M. HOLDER

3